**416**

## In re DIAMOND DRILLING & EXPLORATION CO.

### No. 12807.

District Court, W. D. Pennsylvania.

Sept. 18, 1930.

Watson B. Adair, referee, of Pittsburgh, Pa., Raymond L. McDonald, of Pittsburgh, Pa., and Singleton Bell, of Clearfield, Pa., for bankrupt.

David M. Harrison, of Pittsburgh, Pa., for Carl M. Wolter, trustee.

Liveright & Smith, of Clearfield, Pa., for Deposit National Bank of Du Bois, Pa.

GIBSON, District Judge.

In the account of the trustee, credit was claimed for $4,300 counsel fees of David M. Harrison, Esq. The Deposit National Bank of Du Bois, Pa., excepted to the allowance of the amount claimed for counsel fees. The referee, after hearing testimony as to the value of the services rendered by counsel for the trustee, all of which was to the effect that the amount claimed for such service was fair and reasonable, sustained the exception and fixed the allowance claimed at $3,000, to which order David M. Harrison, counsel for the trustee, excepted, and upon his petition the matter has been certified to this court for review.

In our judgment the order of the referee reducing counsel's compensation must be reversed. The fee claimed was largely for services rendered in the case of Wolter, Trustee, v. Johnston. The court has no hesitation in stating that, in its judgment, counsel's claim for $4,300 compensation was well founded. The suit was for the recovery of the proceeds of insurance policies transferred, apparently regularly, to the defendant, Johnston, prior to the petition in bankruptcy and prior to the death of the beneficiary. The policies were upon the life of the alleged bankrupt's president and were to secure the company. Upon trial of that suit in the lower court judgment was rendered against the trustee upon the major portion of his claim. Thereupon counsel advised an appeal from this court's decision, agreeing that no fees would be claimed by him for his services upon such appeal in event the judgment was not reversed. Upon this agreement the trustee appealed [34 F.(2d) 598], and the decision of the lower court was reversed. Subsequently the defendant sought to bring the matter before the United States Supreme Court upon certiorari. 280 U. S. 606, 50 S. Ct. 153, 74 L. Ed. 650. After hearing, in which counsel seeking compensation represented the trustee, the certiorari was denied. By Mr. Harrison's efforts in the appeal mentioned, which was undertaken solely upon his advice and at his risk, the estate in bankruptcy recovered a fund of $12,870.90. This amount was sufficient to pay all of the creditors in full with a sum remaining for the stockholders. Had the appeal not been successful, the creditors would not have been paid in full and the stockholders would have received nothing.

In view of the fact that compensation depended upon success in prosecuting the appeal, which was far from certain at the time the appeal was taken, and the fact that the fund was preserved to creditors and stockholders solely by reason of the advice and efforts of counsel, we feel that the compensation claimed, $4,300, was fair and reasonable and should be allowed.